IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTA A. BRAXTON, | ) | |
| | ) | |
|    Plaintiff, | ) | Civil Action No. 7:19CV00718 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WYTHE COUNTY DEPARTMENT OF | ) | By: Hon. Glen E. Conrad |
| SOCIAL SERVICES, | ) | Senior United States District Judge |
| | ) | |
|    Defendant. | ) | |

     Christa A. Braxton filed this action against the Wythe County Department of Social Services (the "Department"), asserting claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The Department has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that it does not have the capacity to be sued. Braxton has not filed a response, and the time for doing so has expired.[*] For the following reasons, the court will grant the motion to dismiss.

     Rule 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under this rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In order for a claim to be plausible, it must be asserted against an entity that has the capacity to be sued. Edmiston v. La. Small Bus. Dev. Ctr., 931 F.3d 403, 406 (5th Cir. 2019); see also Cooper v. Brunswick Cty. Sheriff's Dep't, No. 7:10-CV-00014-D, 2011 U.S. Dist. LEXIS 17892, at *10 (E.D.N.C. Feb. 7,

---

[*] Pursuant to the Local Rules of the Western District of Virginia, "the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service" of a motion. W.D. Va. Local Civ. R. 11(c)(1).

2011) ("A complaint which states a claim against a defendant that lacks the capacity to be sued will be dismissed for failure to state a claim upon which relief may be granted.").

The capacity of an entity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). "In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued." Ross v. Franklin Cty. Dep't of Soc. Servs., 186 F. Supp. 3d 526, 534 (W.D. Va. 2016) (Conrad, J.) (citation omitted). In Ross, this court held that a local department of social services was an operating division of a governmental entity, and that the Virginia legislature had not vested the department with the capacity to be sued. Id. at 535. Consequently, the court concluded that the plaintiff could not maintain her employment discrimination action against the department and granted the department's motion to dismiss. Id.

In this case, as in Ross, Braxton has not identified any state or local provision that gives the Department the capacity to sue or be sued. For the reasons stated in the court's previous decision, the court concludes that Braxton cannot maintain her action against the Department. Therefore, the court will grant the Department's motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 9th day of January, 2020.

_____
Senior United States District Judge